IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                     No. CIV S-09-1271 MCE EFB

      vs.

THOM FINKS, dba SUNDANCE COMPUTERS,

      Defendant.               FINDINGS AND RECOMMENDATIONS

                            /

      This case was referred to the undersigned pursuant to Eastern District of California Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default judgment against defendant Thom Finks. On October 7, 2009, a hearing on the motion was held. Plaintiff Scott Johnson, an attorney, appeared at the hearing and represented himself. No appearance was made on behalf of defendant. For the reasons that follow, and as stated on the record at the hearing, the court recommends that plaintiff's application for entry of default judgment be granted.

I.      BACKGROUND

      Plaintiff initiated this action on May 8, 2009, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and the California Unruh Civil Rights Act. Compl., Dckt. No. 1. A certificate of service, filed July 9, 2009, demonstrates that the

summons and complaint were personally served on defendant on June 10, 2009 in Auburn, California. Dckt. No. 5. On August 17, 2009, pursuant to plaintiff's request, the Clerk of Court entered the default of defendant. Dckt. No. 10. Plaintiff's request for entry of default states that defendant "failed to appear, plead, defend, reply, or otherwise respond to" plaintiff's complaint. Dckt. No. 8. On August 26, 2009, plaintiff filed a motion for default judgment against defendant, and mail served a copy of the motion on defendant. Dckt. No. 12.

Plaintiff's motion for default judgment seeks the following relief:

> The Court grants judgment in Plaintiff's favor and against Thom Finks, for monetary damages, pursuant to the California Civil Code Section 52(a) in the amount of $8,000.00, which is based upon two occurrences of the statutory minimum of $4,000.00 per discriminatory event. . . . The Complaint identifies two actual and two foregone visits to the subject business/property. The foregone visits are based upon personal knowledge of existing architectural barriers, *See* Complaint pg 4:2-5. Although the Complaint identifies a total of four (4) actual and foregone visits, which would result in monetary damages in the amount of $16,000.00, the Plaintiff is limiting his damage demand to $8,000.00. The Plaintiff is willing to lower his monetary damages below the $8,000.00, if this matter is resolved prior to the motion hearing date. Plaintiff seeks injunctive relief of a properly configured van accessible disabled parking space with an accessible route to an accessible main entrance. The Court grants Judgment in Plaintiffs favor and against Thom Finks for injunctive relief requiring Defendants to provide for a properly configured van-accessible disabled parking space with an accessible route to an accessible main entrance in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36. There will be no motion made for attorney fees or litigation costs.

*Id*. at 3-4.

II.   <u>DISCUSSION</u>

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

> dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on

account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp.2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Circuit, and various district courts throughout the Circuit, have often applied the burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *Vesecky v. Garick, Inc*., 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008) (citing *Doran v. 7-Eleven, Inc*., 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases). In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." *Colo. Cross Disability Coal.*, 264 F.3d at 1006.

Recently, in *Molski v. Foley Estates Vineyard and Winery, LLC*, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed *Colorado Cross* directly for the first time. The court declined to apply *Colorado Cross*'s burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant. The court reasoned that by requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures."[1]  531 F.3d at 1048.

////

---

[1] The court also stated that "congressional intent behind the ADA support[s] placing the burden of production on the defendant." 531 F.3d at 1048.

4

In a recent opinion addressing both *Colorado Cross* and *Molski*, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of *Colo. Cross*, specifically in cases where a historic building is not at issue." *Vesecky*, 2008 WL 4446714, at *2. This court agrees, especially in the context of a default judgment proceeding in which defendant has not appeared. 42 U.S.C. § 12181(9).

Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendant's business is a place of public accommodation, *id.* ¶ 2; (3) that plaintiff was denied access to defendant's business because of plaintiff's disability, *id.* ¶ 3; and (4) that defendant's business has architectural barriers, *id.* Additionally, although plaintiff does not specifically allege that removal of those barriers is readily achievable, he alleges that "[a]mong the specific prohibitions against discrimination [in the ADA includes]: . . . A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities [is a violation of the ADA] *where such removal is readily achievable.*" *Id.* ¶ 16 (emphasis added). His complaint also specifically states that he seeks injunctive relief "to remove all barriers to access which are readily achievable. . . ." *Id.* ¶ 3. Additionally, the injunction plaintiff seeks only requires defendant "to provide for a properly configured van-accessible disabled parking space with an accessible route to an accessible main entrance in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36." Dckt. No. 13. Therefore, the injunction would only require defendant to remove the architectural barriers if it is readily achievable to do so. Moreover, 28 C.F.R. § 36.304(b) specifically lists "[c]reating designated accessible parking spaces" as an example of a typical "step[] to remove barriers."

////

Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has made out a *prima facie* Title III discrimination claim. Additionally, the court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiff on that claim. Therefore, the court recommends that plaintiff be granted default judgment against defendant on his ADA claim and award plaintiff an injunction requiring defendant "to provide for a properly configured van-accessible disabled parking space with an accessible route to an accessible main entrance in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36." *See* 42 U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

B.    Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009). Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim. Therefore, and because there are no policy considerations which preclude the entry of

default judgment on this claim, *Eitel*, 782 F.2d at 1471-72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." *Id.* § 52(a). Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based on two actual visits to defendant's property. Compl. ¶ 3; Dckt. No. 12 at 3. The court will recommend that plaintiff be awarded those statutory damages.

III.  CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment as to defendant Thom Finks on plaintiff's ADA claim and Unruh Civil Rights Act claim be GRANTED;

2. Plaintiff be awarded statutory damages in the amount of $8,000;

3. Plaintiff be granted an injunction requiring defendant "to provide for a properly configured van-accessible disabled parking space with an accessible route to an accessible main entrance in accordance with the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Accessibility Guidelines contained in 28 C.F.R. Part 36"; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE